# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

GREGORIO C. FUNTANILLA, JR.,

            Plaintiff,

    v.

CYNTHIA THOMAS, et al.

           Defendants.

_____/

CASE NO. 1:10-cv-1433-MJS (PC)

ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS

(Doc. 2)

      Plaintiff Gregorio C. Funtanilla ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 9, 2010.  Plaintiff seeks leave to proceed in forma pauperis.

      28 U.S.C. § 1915 governs proceedings in forma pauperis. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  A review of the actions filed by Plaintiff reveals that Plaintiff is subject to section 1915(g)[1] and is precluded from proceeding in forma pauperis unless Plaintiff is, at the time the complaint is filed, under

---

[1] The Court takes judicial notice of the following cases: Funtanilla v. Ninevela, et al., 98-cv-5365-SMS (PC) (E.D. Cal., dismissed for failure to state a claim on March 15, 2001); Funtanilla v. Tieman, 92-cv-1017-LKK-JFM (PC) (E.D. Cal., dismissed as frivolous on October 8, 1992); Funtanilla v. Schneider, 92-cv-1975-GGH (PC) (E.D. Cal., dismissed as malicious on September 12, 1997).

1   imminent danger of serious physical injury.

2       The imminent danger exception is merely a threshold procedural question regarding

3   whether a prisoner should be allowed to proceed in forma pauperis or pay the filing fee in

4   full.  As such, the Ninth Circuit has held that district courts should not conduct an overly

5   detailed inquiry into whether a particular danger is serious enough to satisfy the serious

6   physical injury prong. Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007). So long

7   as a prisoner "makes a plausible allegation that [he] faced 'imminent danger of serious

8   physical injury' at the time of the filing," the exception may apply. Id.

9       Plaintiff brings three causes of action alleging that he is being denied dental care

10  in violation of the Eighth Amendment.  He claims that he is currently suffering from

11  abscesses in his mouth that have caused him to lose at least five pounds.  He states that

12  he needs to have at least two teeth pulled and that he is in danger of losing his bottom jaw

13  due to gum disease.  The Court finds that these allegations state a plausible claim of

14  ongoing harm sufficient to satisfy the imminent danger exception to § 1915(g).  See

15  McAlphin v. Toney, 281 F.3d 709 (8th Cir. 2002) (allegation that two teeth needed to be

16  extracted met imminent danger exception); Hill v. Ill. Dep't of Corr., 2008 WL 2945942, *2

17  (S.D. Ill. July 25, 2008) (same).  Plaintiff's litigation history, therefore, does not impact his

18  ability to proceed in forma pauperis in the instant action.

19      The Court further finds that Plaintiff has made the showing required by § 1915(a).

20  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §

21  1915(b)(1).  Plaintiff is obligated to make monthly payments in the amount of twenty

22  percent of the preceding month's income credited to Plaintiff's trust account. The California

23  Department of Corrections is required to send to the Clerk of the Court payments from

24  Plaintiff's account each time the amount in the account exceeds $10.00, until the statutory

25  filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

26  ///

27  ///

28  ///

1     In accordance with the above and good cause appearing therefore, IT IS HEREBY

2  ORDERED that:

3             1.   Plaintiff's application to proceed in forma pauperis is GRANTED;

4             2.  The Director of the California Department of Corrections or his designee

5  shall collect payments from plaintiff's prison trust account in an amount equal to twenty per

6  cent (20%) of the preceding month's income credited to the prisoner's trust account and

7  shall forward those payments to the Clerk of the Court each time the amount in the account

8  exceeds $10.00,  in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has

9  been collected and forwarded to the Clerk of the Court.  The payments shall be clearly

10  identified by the name and number assigned to this action.

11             3.  The Clerk of the Court is directed to serve a copy of this order and a copy

12  of Plaintiff's in forma pauperis application on the Director of the California Department of

13  Corrections, via the Court's electronic case filing system (CM/ECF).

14             4.  The Clerk of the Court is directed to serve a copy of this order on the

15  Financial Department, U.S.  District Court, Eastern District of California, Fresno Division.

16             5.  Within sixty (60) days of the date of service of this order, Plaintiff shall

17  submit a  certified copy of his prison trust account statement for the six-month period

18  immediately preceding the filing of the complaint, if Plaintiff has not already done so.

19

20

21  IT IS SO ORDERED.

22  Dated:    August 26, 2010         /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28