UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORIO C. FUNTANILLA, JR.,<br><br>   Plaintiff,<br><br>   v.<br><br>CYNTHIA THOMAS, et al.<br><br>   Defendants.<br>_____ / | CASE NO. 1:10-cv-1433-OWW-MJS (PC)<br><br>FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S CLAIMS REGARDING DENTAL CARE BE DISMISSED AS DUPLICATIVE AND THAT PLAINTIFF'S IN FORMA PAUPERIS STATUS BE REVOKED<br><br>(ECF No. 2)<br><br>OBJECTIONS (IF ANY) DUE WITHIN THIRTY DAYS |

Plaintiff Gregorio C. Funtanilla ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff has had at least three cases previously dismissed as frivolous, malicious, or for failing to state a claim. As such, he cannot proceed in forma pauperis unless he alleges facts showing that he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In this action, Plaintiff alleges that he was previously denied medication and is currently being denied dental care in violation of the Eighth Amendment. He claims that he is suffering from abscesses that have caused him to lose five pounds, that he needs to have two teeth pulled, and that he is in danger of losing his bottom jaw to gum disease. (ECF No. 1.) On August 28, 2010, the Court found that these allegations met the imminent danger exception and granted him in forma pauperis status despite his litigation history.

(ECF No. 3.)

The Court has since learned that Plaintiff alleged the exact same facts and wrongs with respect to his need for dental care in his Amended Complaint in case number 1:10-cv-1048-LJO-SMS (PC). Compare this Case No. 1:10-cv-1433-OWW-MJS (PC) (ECF No. 1, p. 2) with Case No. 1:10-cv-1048-LJO-SMS (PC) (ECF No. 7, p. 16).[1]

The Court may dismiss a complaint or individual claims *sua sponte* when the complaint or claims are duplicative of claims brought in another case. See 28 U.S.C. § 1915A(b)(1) (allowing district courts to dismiss prisoner actions that are frivolous); see also Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (no abuse of discretion in dismissing action as frivolous under 28 U.S.C. § 1915 when complaint "merely repeats pending or previously litigated claims"). Because Plaintiff first filed his dental claim in case number 1:10-cv-1048-LJO-SMS, that claim should proceed in that case, see Adams v. California Dep't of Health Serv., 487 F.3d 684, 688 (9th Cir. 2007), and be dismissed in the instant action.

Absent the dental claim, Plaintiff's allegations in the Complaint do not meet the imminent danger exception. He alleges on ly that he was denied his medication from October 18, 2001 until January 9, 2002. There is no allegation of ongoing harm. (ECF No. 1.) "[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). Because Plaintiff was not in imminent danger of serious physical injury at the time in his Complaint was filed, he is not entitled to proceed in forma pauperis.

Accordingly, the Court hereby RECOMMENDS the following:

1. Plaintiff's dental care claim be DISMISSED as duplicative;

2. Plaintiff's in forma pauperis status be REVOKED;

---

[1] In case number 1:10-cv-1048-LJO-SMS, Plaintiff named Young as the dentist who extracted three of his teeth. He simply refers to "one dentist" in case number 1:10-cv-1433-OWW-MJS. That is the only difference between the allegations in the two cases.

2

3.        Plaintiff be ordered to pay the filing fee for this case in full within thirty days.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   December 6, 2010         /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE